### HOGG et al. v. ROSE et al.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1905.)

1. APPEAL—RECORD—OPINION OF TRIAL COURT.
   Where an order appealed from, making distribution of money on a sale of real estate, provided that the amount fixed was determined in the manner set forth in the written opinion of the court, the opinion could be referred to by the appellate court to ascertain how the distribution was made.

2. JUDICIAL SALES—LAND SUBJECT TO MORTGAGE—DISTRIBUTION OF PROCEEDS.
   Where three parcels of land, only two of which were subject to a mortgage, were to be sold, and the proceeds apportioned, it was error to charge any part of the mortgage to the parcel which was not subject thereto, in making the distribution.

Appeal from Special Term, Cattaraugus County.

Action by William Hogg and another against Eliza Rose and others; George T. Hogg, impleaded. From a portion of an order making distribution of the proceeds of sale of real estate, plaintiffs appeal. Modified.

Argued before McLENNAN, P. J., and WILLIAMS, HISCOCK, and STOVER, JJ.

Warring & Warring, for appellants.
George T. Hogg, for respondents.

WILLIAMS, J.　The order should be modified by changing the amount, $352.75, to $208.43, and, as modified, affirmed, with $10 costs and disbursements to appellants.

The action appears to have been brought to determine the rights of the parties in two farms to procure a sale thereof, and a distribution of the proceeds among the parties. The farms are known as the upper and lower farms. We are here interested in the lower farm, which consisted of three parcels. The judgment was entered November 23, 1903. The sale took place January 7, 1904. The motion resulting in the order appealed from was noticed July 29, 1904, and the order was made September 20, 1904. Among other things asked for in the notice of motion, the respondent requested that the amount payable to him from the proceeds of the sale of the lower farm, to be credited to parcel 3, under the judgment, be fixed, and that such amount be directed paid to him. The order fixed this amount at $352.75, and directed its payment. This provision is the one appealed from here. The record is voluminous, and it is somewhat difficult to sift out the facts really bearing upon this particular point. The report of sale is not in the record, but the facts we would desire to obtain therefrom appear without controversy in the record from the affidavits. The order provides that the amount fixed is determined in the manner set forth in the written opinion of the court, and we are therefore at liberty to refer to such opinion to ascertain how it is done. At the time of the judgment and sale there was a mortgage upon parcels 1 and 3 of the lower farm, held by the respondent, for $2,800, upon which there was unpaid at the time of the sale $2,962.17. The judgment directed that, for the purpose of apportioning the proceeds of the sale of parcels 1 and 3, $1,344 and interest of this mortgage should be regarded as a lien upon parcel 1, and $1,456 and interest as a lien on parcel 3, and if this farm was sold altogether, instead of by parcels, as might be done under the judgment, then the avails should be credited to each "parcel proportionately to the number of acres in each parcel, for the purposes of distribution," as thereinafter provided, and that, "for the purposes of such apportionment, parcel one contains 110 acres, parcel two contains six acres, and parcel three contains 95 acres." The farm was sold altogether, and realized, including the amount of the mortgage, $4,262.17, or, subject to the mortgage, $1,300. In the opinion of the court, for the purposes of making the order here, the court apportioned the $1,300 only among the three parcels in proportion of their respective number of acres (110, 6, 95); thus making parcel 2, though not covered by the mortgage, bear its proportionate part thereof. Parcels 1 and 3 were to be sold subject to the $2,800 mortgage, and if the farm was sold in parcels the whole mortgage would be charged against those parcels, and their separate selling prices would be reduced by the amount thereof chargeable to each—$1,344 and interest to parcel 1, and $1,456 and interest to parcel 3. The selling price of parcel 2 would in that event be its full value, subject to no part whatever of the mortgage. It is very certain that the apportionment should be of the selling price, including the mortgage, and then the proportions

of the mortgage be deducted from the shares apportioned to lots 1 and 3, respectively.

The apportionment made in the opinion is:

| | |
|---|---|
| Parcel 1, $110/_{211}$ of $1,300 | $ 677 72 |
| Parcel 2, $6/_{211}$ of $1,300 | 36 97 |
| Parcel 3, $95/_{211}$ of $1,300 | 585 31 |
| Total | $1,300 00 |

Apportionment in accord with our views:

| | |
|---|---|
| Parcel 1, $110/_{211}$ of $4,262.17 | $2,222 00 |
| Parcel 2, $6/_{211}$ of $4,262.17 | 121 17 |
| Parcel 3, $95/_{211}$ of $4,262.17 | 1,919 00 |
| Total | $4,262 17 |

Apportioning the amount of the mortgage to parcels 1 and 3, as directed by the judgment, the net results would be:

| | |
|---|---|
| Parcel 1 | $ 800 18 |
| Parcel 2 | 121 17 |
| Parcel 3 | 378 65 |
| Total | $1,300 00 |

Carrying the computation on from this point pursuant to the directions of the judgment, we start with $378.65 as the proceeds of parcel 3, instead of $585.31, as in the opinion. There is to be deducted from this $378.65 taxes and expenses, $35.09; funeral expenses, Mrs. Hogg, $130.97; total, $166.06; leaving a balance of $247.68. This balance is to be divided between the respondent and Kales to apply on claim held by them in proportion to the amount of their claims, respectively, $539.46 and $100, and the division gives respondent $208.43 and Kales $39.25.

We have followed the figures in the opinion, and have only corrected the apportionment of the mortgage, and it appears that the amount fixed by the order appealed from should have been $208.43, instead of $352.75. Appellants make the amount $200.93, after going over a flood of figures. We may have made a mistake. We are all liable to, in making figures.

The order should be modified by correcting this amount, and then affirmed, as already suggested.

Order affirmed, with $10 costs and disbursements. All concur.